Additions are shown in **bold** and are **<u>underlined</u>**.
Deletions are shown in **bold** and are **[bracketed]**.

# UNIFORM RULES GOVERNING COURT REPORTING AND TRANSCRIPTS

### Rule 4001.   Scope of Rules and Policy

(A)     These rules shall govern the making, preserving and transcribing of the record of proceedings in the judicial districts within the Unified Judicial System.

(B)     Because complete and verbatim notes of testimony and transcripts are integral to the official record of court proceedings, it is the policy of the Unified Judicial System to ensure that (1) qualified court reporting services are available in each judicial district and that court reporters are fairly compensated, (2) transcripts are timely produced and are affordable to all **<u>parties</u> [litigants]**, and (3) efficient technologies are employed to reduce litigation costs and conserve public resources.

*Comment*: These rules are promulgated pursuant to the administrative and supervisory authority granted to the Supreme Court by Article V, § 10 of the Pennsylvania Constitution.  *See also* 42 Pa.C.S.A. §1724(a)(10).

Pursuant to Order No. 466 Judicial Administration Docket (August 12, 2016), Pa.R.J.A. Nos. 4001—4016 shall become effective in the First Judicial District and the Fifth Judicial District on July 1, 2017. For the period from January 1, 2017 through July 1, 2017, the First Judicial District and Fifth Judicial District shall be governed by Pa.R.J.A. Nos. 5000.1—5000.13, which are rescinded as to all other judicial districts as of January 1, 2017.

### Rule 4002. Definitions

*Condensed transcript* means a miniaturized copy of the original transcript printed in such a way as to place more than one page of transcript on a single sheet of paper.

*Court Administrator* means the Court Administrator of Pennsylvania.

*Court recorder* means an individual employed, contracted or utilized by a court to record testimony by electronic means (audio or audio-visual).

*Court reporter* means an individual employed, contracted or utilized by a court to record testimony whether through use of a stenotype machine, stenomask equipment, written symbols, or otherwise.

*Court reporter's dictionary* is a computer file that matches a court reporter's steno strokes with English text. A court reporter's **[personal]** dictionary is an essential part of a computer aided transcription (CAT) system.

*Court reporting personnel* includes court reporters, court recorders, transcriptionists and any other**s [personnel]** whether employed or contracted who make the court record for use in any Pennsylvania court.

*Daily transcript* means a transcript delivered within eighteen (18) hours of an official request, not including weekends or official court holidays. For the purposes of additional payment, a transcript is a daily transcript only if it is in fact delivered within the above time limit.

*Digital audio files* are those files created by digital recording systems and saved in a format that allows storage and playback through computer applications.

*District Court Administrator* means the County Court Administrator.

*Electronic transcript* means a**[n official]** transcript delivered in an electronic, non-paper medium.

*Expedited transcript* means a transcript delivered within seventy-two (72) hours of an official request, not including weekends or official court holidays. For the purposes of additional payment, a transcript is an expedited transcript only if it is in fact delivered within the above time limit.

*Filing office* refers to an office without regard to title that has the responsibility and function in each judicial district to maintain the official dockets and case files of the court.

*Notes of testimony* means the official recording of an oral proceeding made whether through use of an electronic device, stenomask equipment, stenotype machine, written symbols, or otherwise; and includes the dictionary, media storage files, and other documentation needed to prepare a transcript.

*Ordinary transcript* means a transcript necessary for an appeal or to otherwise advance litigation and required under a time frame set by a Pennsylvania Rule of Court regarding the delivery of court transcripts or by court order. An example of a non-ordinary transcript is one requested by a **[litigant] <u>party</u>** when no matters are open before the court or where the transcript is ordered by a **[third] <u>non-</u>**party.

***<u>Original transcript</u>* <u>means the transcript prepared and certified by the court reporter for filing with the court.</u>**

*President Judge* means the president judge in each judicial district, his or her designee, or any judicial officer recognized by the Court Administrator as having administrative authority.

**[*Rough draft transcript* (computer diskette, hard paper copy, or electronically distributed) is an unedited and uncertified transcript that may contain untranslated or mistranslated stenotype symbols. This also includes notes that appear on paper, unedited electronic data, tapes or other media in the original state in which they existed when they were taken at the time of testimony.]**

*Same day delivery* means transcripts delivered within 6 hours of the close of the court session, divided by morning and afternoon with the line of demarcation being lunch or mid-day recess.

*Transcript* means a certified, written, verbatim record of a proceeding.

*Transcriptionist* means any person employed, contracted or utilized by a court to prepare a transcript of a proceeding from an electronic or other recording. A court recorder and a court reporter may also serve as a transcriptionist.

* * * *

**Rule 4004. Qualifications of Court Reporters and Court Recorders**

(A)     No person shall be employed or utilized by a court as a court reporter or court recorder unless approved by the president judge or his or her designee as meeting the minimum criteria set forth in subdivision (B)(1), (B)(2), or (C) except**:**

    (1)     those persons already employed or utilized by a court at the time of the adoption of these rules or

    (2)     those court reporters who hold and maintain a professional certification.

(B)     The minimum criteria for qualification of a court reporter, for both stenographic and voice writing, are the following:

    (1)     stenographic requirements: the court reporter is capable of recording proceedings at a 95% accuracy level at the following speeds:

        (a)     literary at 180 w.p.m.

        (b)     jury charge at 200 w.p.m.

        (c)     testimony and question and answer at 225 w.p.m.

    (2)     voice writing requirements: the court reporter is capable of recording proceedings at a 95% accuracy level at the following speeds:

        (a)     literary at **180 [200]** w.p.m.

        (b)     jury charge at **200 [225]** w.p.m.

        (c)     two-voice question and answer at **225 [250]** w.p.m.

(C)     The minimum criteria for qualification of a court recorder are the following:

    (1)     full familiarity with the controls of the electronic audio or audio-visual

3

equipment;

    (2)    adequate hearing acuity to assure a high quality recording;

    (3)    insistence on clarity of the recording;

    (4)    ability to quickly diagnose and correct routine malfunctions;

    (5)    proficiency in note taking; and

    (6)    understanding of courtroom procedures and vocabulary.

(D)    All persons employed or utilized by a court as a court reporter or court recorder, including those employed or utilized prior to the adoption of these rules, shall be requalified as meeting the above criteria at least every three (3) years.

    (1)    Court reporters shall be requalified every three (3) years upon completion of thirty (30) hours of continuing professional education which has been properly accredited or certified by the National Court Reporters Association. Proof of attendance shall be submitted to the president judge or his or her designee.

    (2)    Court recorders shall be requalified every three (3) years. The president judge may rely upon reports of the district court administrator and the judicial district's judges and quasi-judicial officers to determine whether the requirements set forth in subdivision (C) are satisfactorily met. Those reports must be based on recent courtroom experience and a review of work products (e.g., lists, log notes, CD recordings) for accuracy, timeliness and quality.

(E)    Any person **employed or utilized by a court as a court reporter or court recorder** who fails to meet the minimum criteria at the time of requalification shall be given six months to comply. Anyone who fails to comply with this subdivision shall be prohibited from **further** serving as a court reporter or court recorder **if not requalified by the end of the six-month period**.

* * * *

## Rule 4007. Requests for Transcripts

(A)    All requests for transcripts shall be set forth on a standardized form provided by the Court Administrator **or a form prepared by the judicial district and approved by the Court Administrator**. The form shall indicate the current rates authorized to be charged for transcripts under these rules.

(B)    For an ordinary transcript, the party requesting a full or partial transcript of a trial or other proceeding shall file the original request with the district court administrator or other appropriate filing office of the court.  The requesting party shall also serve copies of the formal request to:

    (1)    the judge presiding over the matter;

    (2)    the court reporter, court recorder or transcriptionist;

    (3)    the district court administrator or his or her designee (if not filed with the district court administrator); and

    (4)    opposing counsel, but if not represented, the opposing party.

**The provisions of subsection (B) do not apply to requests by the Judicial Conduct Board.**

(C)    In courts where daily, expedited, **or** same day **[or rough draft]** transcripts are available, requests for these transcripts shall be **made as provided for in local rule. [filed in writing in the appropriate filing office at least 10 days prior to the proceeding.  Copies of the written request shall be delivered as required by subsection (B).]**  In the event of an emergency, a party may request by oral motion a daily, expedited, or **[rough draft]** **same day** transcript.

(D)    When a **[litigant]** **party** requests a transcript,

    (1)    the **[litigant]** **party** ordering a transcript shall make partial payment in an amount established by local rule. Deposit checks are to be made payable to the judicial district or county, as set by local rule, and shall be delivered to the district court administrator or other court designee.

    (2)    the court reporter or transcriptionist shall prepare the transcript upon direction of the court's designee.

    (3)    the court reporter, court recorder or transcriptionist shall notify the ordering party and the court's designee of the completion of the transcript and deliver a copy of the transcript to the judge presiding over the matter.  **[Checks for the final balance are to be made payable to the judicial district or county.]**

    (4)    upon payment of any balance owed, the court reporter, court recorder or transcriptionist shall deliver the original transcript to the appropriate filing office and copies to the parties. Checks for the final balance are to be made payable to the judicial district or county, as set by local rule, and shall be delivered to the district court administrator or other court designee.

(E)     When a **[litigant] <u>party</u>** requests a transcript, but cannot pay for the transcript because of alleged economic hardship, the court shall determine economic hardship pursuant to the procedure set forth in Rule 4008(B).  In cases of economic hardship, where the matter is under appeal or a transcript is necessary to advance the litigation, the costs of procuring the transcript shall be waived or otherwise adjusted by the court.  In cases of economic hardship where there is no appeal pending or there exists no obvious need for the transcript to advance the litigation, the requesting party must demonstrate reasonable need before the court shall waive or adjust the cost of obtaining the transcript.

(F)     When a transcript is requested for which the court or county is responsible for the cost, the court reporter, court recorder or transcriptionist shall prepare the transcript without the necessity of a deposit.

*Comment*: Nothing in this rule prevents a local court from adopting an electronic filing request procedure provided the request is effectively communicated to the listed persons.

Within the framework of these rules, the particular methods and logistics for receiving and accounting for costs **shall be [is]** left to the discretion of the president judge and district court administration.  Note, however, that deposit checks and final payment checks are to be made payable to the judicial district or county, not to the individual court reporter or transcriptionist preparing the transcript.

It is anticipated that court reporters shall continue to be compensated for the preparation of transcripts pursuant to local rule or practice.  It is not contemplated that this rule shall interfere with or otherwise limit the income of court reporters.  In this regard, the Committee recognizes that in certain jurisdictions, court reporters earn a substantial portion of their income through the preparation of transcripts.  It shall remain the duty of the president judge and district court administrator to assure that the implementation of these rules does not unfairly limit the ability of court reporters to be properly compensated for their professional services.

The rule also recognizes that unreasonable demands for free or reduced-cost transcripts can result in a significant economic burden on the court system; for this reason, the rule attempts to distinguish necessary and nonessential requests.

**<u>Requests for transcripts of sentencing hearings required by law under 42 Pa.C.S.A. §9764 (b)(5)(ii) are not subject to the transcript request provisions of this Rule.</u>**

**Rule 4008. Transcript Costs Payable by a Requesting Party Other Than the Commonwealth or a Subdivision Thereof**

(A)     Costs

    (1)     The costs payable by a requesting party, other than the Commonwealth or a subdivision thereof, for a**n original** transcript in an electronic format shall not exceed:

        (a)     for **[an ordinary] a** transcript **for which an accelerated delivery is not requested**, $2.50 per page;

        (b)     for an expedited transcript, $3.50  per page;

        (c)     for a daily transcript, $4.50 per page; and

        (d)     for same day delivery, $6.50 per page.

    (2)     When the transcript is prepared in bound paper format, the costs shall be in accordance with paragraph (1) relating to electronic format plus a surcharge of $0.25 per page.

*Comment*:     **The first requestor of a transcript is obligated to pay for the original transcript, which is filed with the court, plus the copy rate if the requestor desires a personal copy (subject to any cost sharing with additional parties.)**

**[The rules encourage the use of electronic transcripts which will result in reduced costs for preparing and distributing transcripts.  No-cost, user-friendly software is available for converting text files into PDF format (see Rule 4010(B)).  Unlike paper transcripts, electronic transcripts can offer features such as keyword searches, copy and paste functions, and speedy transmission.  Moreover, the ability to store transcripts and reporters' notes on disks and networks should greatly reduce the courts' storage costs. Electronic systems support the business trend of moving toward paperless operations and also respond to ecological concerns by reducing paper waste.]**

Many attorneys/**parties [litigants]** prefer to read paper transcripts, including condensed transcripts, and these rules do not inhibit the practice.  However, when a condensed paper transcript is ordered by a party, the surcharge of $0.25 per page in Rule 4008(A)(2) shall refer to $0.25 per sheet of paper, regardless of the number of pages of transcript on the sheet.

**There is no entitlement to expedited, daily, or same day delivery of transcripts. Those services are only available where provided by the judicial district and when the court reporter has that capability.**

(B)     Economic hardship – minimum standards

   (1)     Transcript costs for ordinary transcripts in matters under appeal or where the transcript is necessary to advance the litigation shall be waived for a **[litigant] party** who has been permitted by the court to proceed *in forma pauperis* or whose income is less than 125 percent of the poverty line as defined by the U.S. Department of Health and Human Services (HHS) poverty guidelines for the current year.

   (2)     Transcript costs for ordinary transcripts in matters under appeal or where the transcript is necessary to advance the litigation shall be reduced by one-half for a **[litigant] party** whose income is less than 200 percent of the poverty line as defined by the HHS poverty guidelines for the current year.

   (3)     Transcript costs for ordinary transcripts in matters that are not subject to an appeal, where the transcript is not necessary to advance the litigation, or for expedited, daily, **[rough draft]** or same day transcripts may be waived at the court's discretion for parties who qualify for economic hardship under subdivision (B)(1) or (B)(2) and upon good cause shown.

   (4)     The application to waive all or a portion of costs for ordinary transcripts shall be supported by an affidavit substantially in the form required by Rule 240(h) of the Pennsylvania Rules of Civil Procedure.

*Comment*: Transcript costs can be quite expensive.  By establishing minimum standards, subdivision (B) is intended to ensure that costs do not effectively deny access to the court system to impoverished persons and persons of limited financial means when further proceedings necessitate a transcript.  The rule also recognizes that unreasonable demands for free or reduced-cost transcripts can result in a significant economic burden on the court system; for this reason, the rule attempts to distinguish necessary and nonessential requests. Procedures for waiving or reducing transcripts costs must be published by the court and clearly communicated to **[litigants] parties.**

**[Litigants] Parties** who have been approved for representation by legal aid services are not required to prove economic hardship.  Legal aid clients shall be entitled to obtain ordinary transcripts for no cost.

(C)     Assignment and allocation of transcript costs

   (1)     *Assignment of costs.*  The requesting party**[,]** or **the** party required by general rule to file a transcript**[,]** shall be responsible for the cost of the **original** transcript.  Costs shall not be assessed against any party for transcripts prepared at the initiation of the court.

   (2)     *Allocation of costs.*  When more than one party **is to receive [requests]** the

transcript, or **is [are]** required by general rule to file the transcript, the cost **of the original transcript** shall be divided **equitably [equally]** among the parties**, taking into account any reduced fee or free transcripts.**

*Comment:*  **It is the intent of this provision that all parties who receive a transcript should share equitably in the costs. If two parties receive the transcript, they would each pay their share of the cost of the original transcript that is filed with the court, with each party paying for their copy. In cases where a party qualifies for a free or reduced price transcript, any other party paying full price pays only their proportionate share of the full price, with the judicial district absorbing the cost of the free or reduced price transcript.**

(D)     Copies of transcript

    **(1)**     request for a copy of any transcript previously ordered, transcribed and filed of record shall **not exceed [be provided according to the following schedule]**:

        **(a)**     **[(1)]** $0.75 per page bound, paper format; and,

        **(b)**     **[(2)]** $0.50 per page electronic copy.

    **(2)**     **A request for a copy of an expedited transcript shall not exceed:**

        **(a)**     **$1.00 per page bound, paper format; and,**

        **(b)**     **$0.75 per page electronic copy.**

    **(3)**     **A request for a copy of a daily transcript shall not exceed:**

        **(a)**     **$1.25 per page bound, paper format; and,**

        **(b)**     **$1.00 per page electronic copy.**

    **(4)**     **A request for a copy of a same day transcript shall not exceed:**

        **(a)**     **$1.50 per page bound, paper format; and,**

        **(b)**     **$1.25 per page electronic copy.**

*Comment:*  With respect to a non-party (i.e., general public) request for a **copy [photocopy]** of a transcript, Rule 4007(D)(4) anticipates that the filing offices of the judicial district are the proper custodians of court case records and transcripts. Rule 4008(D)**(1)** provides that the cost charged to the public for a transcript copy that has been filed of record shall not exceed $0.75 per page, regardless of the form or location in which the transcript is filed or stored. **The copy rates in Rule 4008(D)(2), (3), and (4) reflect the additional work necessary to deliver a transcript on an expedited schedule, but**

**once the original transcript is filed with the appropriate filing office, the copy rate in (D)(1) is to apply.**

(E)     Additional Costs

No transcript or related costs may be charged to the parties or the public other than those listed in subdivisions (A), (B) and (D) without the written approval of the Court Administrator, except that a judicial district may enact a local rule that permits a trial judge to impose a reasonable surcharge in cases such as mass tort, medical malpractice or other unusually complex litigation, where there is a need for **a** court reporter**[s]** to significantly expand **his/her [their]** dictionary.

*Comment*:  Pursuant to local rule, a reasonable fee may be charged for a secure electronic feed which instantaneously delivers the translated notes from the court reporter to a laptop, tablet, phone, or other portable electronic device via cable, wifi, router, or Bluetooth to parties, the media, or other interested individuals.  There shall be no fee charged to the court for such a connection.

(F)   Requests for Rate Increases

The president judge of a judicial district may request an increase in the rates prescribed in subdivision (A) or (D) by submitting a written request to the Committee on Court Reporting and Transcripts. The request shall only be approved where it is established that the judicial district faces an economic hardship caused by the current rates and that the requested rates are reasonable. If the Committee approves the request by majority vote, it shall be forwarded to the Court Administrator for review. If the Court Administrator determines that the increase is necessary, the request shall be forwarded to the Supreme Court.

*Comment*:  These rules do not supersede any existing Pennsylvania Rule of Court regarding the delivery of court transcripts. If there appears to be a conflict with an existing Pennsylvania Rule of Court, such rule remains in full force and effect.  However, if there appears to be a conflict with any local rule of court for the delivery of transcripts, these rules take precedence.

\* \* \* \*

## Rule 4012.   Sanctions for Delayed Transcript

(A)     The president judge may take disciplinary action against any court reporter, court recorder, or transcriptionist where noncompliance with these Rules impedes the prompt administration of justice, whether by protracted delinquency in a single case or by engaging in a pattern of delinquency in a number of cases.

(B)     The Court Administrator shall notify the Supreme Court of Pennsylvania of instances of

unreasonable delay in preparing transcripts.  The Court Administrator may recommend imposition of sanctions, including disqualification of individual court reporters**, court recorders** or transcriptionists.

(C)     The president judge shall ensure that the number, proficiency and organization of court reporting personnel in any district are adequate to support the full and unrestricted operation of the court**[s]**.  When transcript delay is caused by an insufficient supply of qualified court reporters or other **[staff]** resources, or inefficient management of the court reporting operation, the Supreme Court may direct the president judge to take immediate corrective actions.

**(D)     An appellate court may enter an order to compel the preparation, filing and transmission of the transcript and may take disciplinary action including contempt of court or reduction of fees when the failure of a court reporter, court recorder, or transcriptionist to complete the transcript within the time imposed by these rules or by court order, delays transmission of the complete record to the appellate court.**

\* \* \* \*

**Rule 4014.   Redaction of Personal Data Identifiers**

(A)     On its own motion, or upon motion of any party, the court may order the court reporter**, court recorder,** or transcriptionist preparing the transcript to redact confidential, personal and/or financial data and other identifiers**[.]and any information listed in Section 7.0 of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*.**

(B)     Information that is redacted shall, unless otherwise directed by the court, appear in transcripts that are provided to the court and to the parties, but not in any transcript filed in the appropriate filing office or provided to any other requestor. **The unredacted version of the transcript shall be filed under seal in the appropriate filing office.**

\* \* \* \*

11